■ NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent, v A.F. HOLDING CORP. et al., Respondents, and CITY OF NEW YORK, Appellant. [601 NYS2d 614] —Order and judgment (one paper), Supreme Court, New York County (Myriam J. Altman, J.), entered on or about May 28, 1992, which, *inter alia,* granted defendant A.F. Holding Corp.'s motion for summary judgment to the extent of awarding it that portion of the insurance proceeds which exceed the fees and costs of plaintiff-respondent New York Property Insurance Underwriting Association and the claim against the proceeds by defendant-respondent Estate of Blanche Green and denied the motion by defendant-appellant for summary judgment and dismissed its counterclaim, unanimously reversed, insofar as appealed from, on the law, defendant A.F. Holding Corp.'s motion denied, and defendant-appellant's counterclaim reinstated and its motion for summary judgment granted, without costs.

The sole issue on this appeal in this combined interpleader/declaratory judgment action is whether, pursuant to Insurance Law § 331 (d) the City timely served upon plaintiff-respondent New York Property Insurance Underwriting Association ("NYPIUA") a certificate of lien against the proceeds of a fire insurance policy held by defendant-respondent A.F. Holding Corp. Section 331 of the Insurance Law, which is known, along with the companion provisions codified at General Municipal Law § 22, as the Fire Insurance Proceeds Law, was enacted in 1977 to allow for a taxing municipality to recover its delinquent taxes from the proceeds of fire insurance, thereby helping to take the profit out of arson and/or the abandonment of fire damaged property.

The subject insurance proceeds in this case derive from a fire in a Brooklyn warehouse building on which the owner, defendant-respondent A.F. Holding Corp., never paid taxes. A little over a year after its purchase the building was destroyed in an arson fire and was then abandoned by the owner.

Eventually, the City obtained possession of the property in an *in rem* proceeding.

We find that, under the circumstances of this case, there was substantial compliance by the City with the statute's provision requiring it to file its lien within 20 days of receipt of demand by the insurer. In reaching this conclusion, we take into account that the City informed the insurer, within four days of receiving the insurer's demand, that there were delinquent taxes due, that it would take some additional time to compute them and issue the lien, and that the insurer was not to release the proceeds until it had received the lien. It also requested certain additional information from the insurer as to whether there were mortgagees named in the policy who would have a prior interest. Moreover, the City has demonstrated good cause for the brief delay in filing the formal certificate of lien which was due to the eight year delay between the time of the fire and the demand by the insurer, requiring a search through archival records and the manual computation of annually changing interest rates on the delinquent taxes in order to prepare the certificate of lien. Finally, the formal lien was filed within only five business days of the expiration of the 20 day period. Concur—Rosenberger, J. P., Ellerin, Kupferman, Asch and Rubin, JJ.